### J. H. WILSON, EX'R, *v.* JULIUS SOLOMAN ET AL.

**Bills and Notes—Holder of Equitable Interest.**

One who holds an equitable interest in a note occupies an attitude no better than the person under whom he claims.

**Vendor and Purchaser—Purchase-Money Note—Taking Personal Security.**

The mistake of a payee of a purchase-money note as to the effect of taking personal security on the note, must operate against the payee and the equitable owner of the note claiming under her, and not against the purchaser of the land who believed he was acquiring an unincumbered title.

APPEAL FROM SHELBY CIRCUIT COURT.

June 12, 1874.

OPINION BY JUDGE LINDSAY:

The petition in this case fails to set out the date at which Wilson became invested with the equitable title to the note sued on. There is no proof in the record tending to show the time when the note was sold to him. From the petition in the case of Glass v. Johnson, which was filed January 12, 1863, it may fairly be inferred that Mrs. Glass then owned the note.

The credit endorsed on the note for $166.11, is without date, and although it appears that the payment was made to Wilson, there is nothing before us leading to the conclusion that it was made prior to the sale by Soloman to Hearne. The fact that Wilson failed after Hearne's defense, has been fully disclosed; to set out in his

pleadings, or to attempt to show by proof, the date of the sale of the note to him, is enough of itself, in a case like this, to authorize the presumption that the disclosure of the true date of the transaction would operate to his prejudice. The chancellor had the right to conclude that Mrs. Glass held and owned the note at the time Soloman sued and conveyed to Mrs. Hearne.

It is immaterial whether Mrs. Glass was or was not mistaken as to the legal effect of taking personal security on the note; it is evident from her petition against Soloman, that she did not claim a lien on the realty to secure the payment of this note, and that Mrs. Hearne believed, and had the right to believe, when she accepted the conveyance from Soloman and paid the purchase price to Mrs. Glass, that she was securing an unincumbered title. The mistake of Mrs. Glass must be allowed to operate to the prejudice of herself and Wilson, who claims under her, and not to that of Mrs. Hearne, who was in nowise responsible for such mistake.

Mrs. Glass could not have asserted the lien herein claimed, and Wilson occupies an attitude no more favorable than she would have done, had she sued for her own benefit. The petition was properly dismissed.

Judgment affirmed.

*M. T. Carpenter, for appellant.*

*Harwood, for appellees.*